## PERKINS *v.* DAVIS.

Where a default is set aside on affidavit of merits, and the defendant there-
upon files a demurrer as well as an answer, it is not error under the code,
to reject the demurrer.

APPEAL *from Polk District Court.*

*Opinion by* WILLIAMS, C. J. In this case, when the
cause was reached in order, the defendant, Kerving, failed
to plead to the plaintiff's action. Judgment by default was
entered against him. During the term, and on the sixth
day thereof, the defendant filed his motion with an affida-
vit of merits, to take off the default and open the judg-
ment, whereupon the default was removed and the judg-
ment set aside. The bill of exceptions, taken at the time
shows that the default being set aside and the judgment
opened, thereupon the defendant offered an answer to the
merits of the petition of said plaintiff, and also a demurrer to
said petition, claiming as his right to answer or demur, as if
default had not been entered. "That thereupon" the court
ruled that the defendant be not allowed to demur to the
plaintiff's petition, but that he be required to answer to the
merits only. To this ruling of the court, the defendant
excepted. The only question presented for decision here
by the assignment of error, is, as to the ruling of the dis-
trict court, in refusing to allow the defendant to demur and
requiring him to plead to the merits of the case, as pre-
sented by the complaint of the plaintiff.

The petition of the plaintiff presents a good and substan-
tial cause of action against the defendant. The defendant
suffered judgment to be entered against him by default ; at
a late day of the term, he filed his affidavit of defence on
the merits, in consideration of which the plaintiff's judg-
ment, which had been obtained legally, by virtue of the

rules of practice in the district court, was set aside, and he was suffered to come in, and by pleading issuably to make his defence on the merits.

It is provided in the code, that default may be set aside on such terms as the court may deem just, but not unless an affidavit of merits be filed and a reasonable excuse be shown for having made such default.    Code 262, § 1827.

The statute clearly confers a discretionary power on the court, as to the terms on which the default might be set aside, and the defendant allowed to make his defence on the merits.    The exercise of this power is sanctioned, also, by general and long usage in jurisprudence.    Where a discretionary power, so clearly consonant to the principles of equity, is reasonably exercised, so as not to operate oppressively upon the rights of a party, courts possessing the controlling jurisdiction of revision will not interfere to disturb the adjudication.    To allow the defendant, after default and judgment, to come in and contest the plaintiff's right to recover by filing dilatory pleas, or mere formal objections, founded in legal technicalities which did not effect meritoriously the facts, of which the plaintiff's cause of action consisted, would be a violation of the spirit and intent of the statute, and long established practice.    Such indulgence would tend to annoyance in the transaction of the business of the court, the subversion of the rights of the plaintiff, and prevent the design of a judgment by default.

On the trial here, it was urged that the terms were not expressly imposed before the default was taken off and the judgment opened, and not until the demurrer was filed. That it was the duty of the court to announce the terms of opening the judgment before the party was permitted to offer his pleadings in defence of the action, so that he might elect to accept the terms and enter upon his defence, or let the judgment remain; we cannot see the force of this allegation.    This he could do as well upon the filing of his pleas, as before he was suffered to make his defence.    The

Elliot *v.* Mitchell.

effect of the proceeding on his rights would be the same. But the record shows that the default being set aside, " thereupon " the demurrer and answer of the defendant were filed, and that " *thereupon*," the court ruled that he should not be allowed to demur. This being the statement of the proceeding, we consider that no substantial grievance was suffered by the defendant by reason of the action of the court, by which he was surprised and deprived of any of his legal rights. As the case stood, he was allowed to make his defence fully, so far as he could plead by answering to the facts upon which the plaintiff's cause of action rested. This was all he had a right to do, in accordance with the rules of practice authorized by the statute, and uniformly recognized by the courts.

Judgment affirmed.

*C. B. Darwin*, for appellant.

*Perry & Bates*, for appellee.